THE PEOPLE, ex rel. NAPOLEON X. ARCHAMBAULT, Respond-
ent, *v.* THE BOARD OF SUPERVISORS OF THE COUNTY OF UL-
STER, Appellant.

Under the provisions of the Military Code (§§ 124, 125, chap. 80, Laws of
1870, as amended by chap. 223, Laws of 1875) authorizing the command-
ing officer of each regiment, etc., to appoint a person to take charge of
the armory, whose compensation, within the prescribed limits as certified
by the commanding officer, shall be a county charge, the board of su-
pervisors of the county has no jurisdiction to audit or review the amount
of compensation so certified, the board has no other duty in reference
thereto, except to cause the amount to be levied, collected and paid like
other county charges.

An allowance for Sundays necessarily employed in caring for the armory
is not prohibited or condemned by any statute, and the supervisors have
no authority to deduct such an allowance.

(Argued March 6, 1883; decided March 13, 1883.)

THIS was an appeal from order of General Term, affirming
an order of Special Term, granting a writ of peremptory *man-
damus* directing defendant to raise, levy and pay to the re-
lator the amount of his bills for services in caring for the arm-
ory of the Twentieth Battalion, N. G. S. N. Y., situate at
Kingston, as certified to by the commanding officer. The
bills were presented to defendant who struck out the allow-
ance for fifty-six days, which were Sundays.

The court here say: "We are of opinion that the peremp-
tory mandamus was properly granted. The relator was prop-
erly and legally appointed to take charge of the armory at
Kingston. It is undisputed that he rendered the services
charged in his bill, and that his bill was properly certified by
the commanding officer who appointed him. The amount of
the bill thus certified became a charge upon the county of
Ulster, and the supervisors had no other duty in reference
thereto, except to cause the amount of the bill to be levied,
collected and paid like other county charges. (Secs. 124 and
125 of chap. 80 of the Laws of 1870, as amended by chap.
223 of the Laws of 1875.) The board of supervisors had no
power or jurisdiction to audit or review the amount of com-
pensation allowed and certified by the commanding officer.
The supervisors had no right to deduct all the Sundays upon

which the relator rendered services, upon any theory. It appears from the affidavits, and from the nature of the employment, that services were as necessary upon Sundays as upon any other day of the week, and they are, therefore, not prohibited or condemned by any statute. The order should be affirmed."

*Howard Chipp, Jr.*, for appellant.

*Walter S. Kenyon, Jr.*, for respondent.

EARL, J., reads for affirmance.

All concur.
Order affirmed.